■ In the Matter of FERRARA FOODS & CONFECTIONS, INC., Petitioner, v NORMA RUIZ et al., Respondents. [785 NYS2d 416]—

In this CPLR article 78 proceeding, the petition seeking a writ of mandamus compelling respondent Supreme Court Justice Norma Ruiz to make available for inspection and copying all court exhibits in the underlying lawsuit entitled *Cirro Rodriguez v National Equipment Corporation and Ferrara Foods & Confections, Inc.*, and for an extension of time to file posttrial motions until 30 days after judgment is entered or 30 days after the trial court has afforded counsel an opportunity to inspect and copy the court exhibits, whichever is greater, unanimously granted, without costs, respondent's cross motion to dismiss the petition denied, and respondent Justice directed to make available for inspection and copying all court exhibits, including court exhibit 19 entitled "Clerk's scratch copy of the verdict sheet #1," to all counsel within 15 days of the date of this order.

Given the unusual circumstances of this case and the important questions defendants in the underlying action raise as to the validity of the jury verdict, all court exhibits including court exhibit 19 should be made available to all counsel despite respondent Justice's contention that the release of exhibit 19 is discretionary because it is the court's work product. Counsel for respondent Justice's argument ignores the fact that exhibit 19 has already been seen by counsel at a court conference at which time the court marked the document as a court exhibit. Moreover, defendants in the underlying action raise valid questions as to how the court personnel obtained the information contained in this verdict sheet. These defendants maintain, and we agree, that this Court exhibit is necessary for them to prepare posttrial motions to set aside the verdict and to make a complete record for subsequent appellate review.

Defendants in the underlying action are also entitled to an extension of time to prepare their respective posttrial motions to the extent indicated. Concur—Lerner, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.